United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Comprehensive Pathology Associates, P.A., Plaintiff, <br><br> v. <br><br> UnitedHealthcare of Florida, Inc. and UnitedHealthcare Insurance Company, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 20-22117-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order Granting Motion to Remand

This matter is before the Court upon Plaintiff Comprehensive Pathology, P.A.'s motion to remand. After a careful review of the parties' briefs, the record, and the relevant legal authorities, the Court **grants** the Plaintiff's motion to remand. (**ECF No. 9.**)

1. **Background**

Defendant United Health Care of Florida, Inc. ("UHCF") is a Florida corporation and Defendant United Health Care Insurance Company ("UHIC") is a Connecticut corporation. (ECF No. 6, at ¶8-9.) Plaintiff Comprehensive Pathology Associates, P.A. is a Florida corporation. (ECF No. 6, at ¶7.)

On May 20, 2020, the Defendants UHCF and UHIC filed a notice of removal with this Court, arguing that the Plaintiff Comprehensive Pathology Associates, P.A.'s lawsuit, which had been initiated in state court before the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County "raises federal questions" that are "completely preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1001, et seq.") ("ERISA"). (ECF No. 1, at ¶3.) In their removal papers, the Defendants claimed to have first learned that its case was removable on April 27, 2020 when Plaintiff clarified which health plans, patients, or claims were implicated in its claims against the Defendants. (ECF No. 1, at ¶8, 13.) After learning that Plaintiff's claims implicated certain ERISA plans, the Defendants filed to remove the Plaintiff's case to federal court under 28 U.S.C. § 1446. (ECF No. 1, at ¶14.)

On June 10, 2020, following removal, the Plaintiff filed an amended complaint with this Court that abandoned all claims seeking payment under ERISA plans. (ECF No. 6, at ¶5) (explaining the Plaintiff brings "suit only as to non-ERISA governed plans . . . which are licensed and governed under Florida Statutes Chapters 627 and 641."). Accordingly, the Plaintiff's amended complaint seeks relief solely under Florida law. Defendants do not contest that

Plaintiff has abandoned its federal claims. (ECF No. 18, at 8) (acknowledging the absence of federal claims subsequent to amendment).

On June 15, 2020, Plaintiff filed its motion to remand pursuant to 28 U.S.C. § 1447. (ECF No. 9.) Plaintiff argues that remand is proper as (1) the Defendants failed to properly remove the case in the first instance and (2) even if the Defendants had properly removed the case, no federal questions remain and this Court should decline to exercise its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

### 2. Legal Standards

A civil action may be removed from state court to federal district court if the action is within the original jurisdiction of the federal court. 28 U.S.C. § 1441(a). Original jurisdiction exists when a civil action raises a federal question, or where the action is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. In evaluating the Plaintiff's motion for remand, the Court is bound to construe the removal statute strictly, so "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Where a matter involves a mix of federal and state law issues, district courts are endowed with supplemental jurisdiction over all state law claims to the extent that they are part of the same case or controversy. 28 U.S.C. § 1367(a). However, district courts may decline to exercise their supplemental jurisdiction where, among other reasons, the claims over which the district court had original jurisdiction have been dismissed. 28 U.S.C. § 1367(c). The decision of whether a district court should exercise its power of supplemental jurisdiction is a matter of discretion. *See Business Realty Inv. Co., Inc. v. Insituform Tech., Inc.*, 564 Fed. App'x 954 (11th Cir. 2014). Courts are guided by *Gibbs* factors in helping them to exercise this discretion as to whether to exercise supplemental jurisdiction. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966). These factors include "considerations of judicial economy, convenience, fairness, and comity." *Tennant v. Florida*, 111 F. Supp. 2d 1326, 1337 (S.D. Fla. 2000) (Gold, J.). Where federal claims "have dropped out of the lawsuit in its early stages and only state-law claims remain" district courts are strongly encouraged to "decline the exercise of jurisdiction." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988).

### 3. Analysis

The Court assumes without deciding that this case was properly removed as the propriety of removal ultimately has no impact on the Court's decision with respect to the Plaintiff's motion to remand. Even if removal was proper, the Court declines to exercise supplemental jurisdiction over the state law issues which, following Plaintiff's amendments to its complaint, form the entirety of the dispute between the parties. Indeed, following Plaintiff's amendments to its complaint, no federal issues remain for this Court to decide as acknowledged by the Parties in their briefing.

Defendants contend this Court should not remand to the state court as the Court may need to decide whether certain plans fall under the scope of ERISA. (ECF No. 18, at 11.) This argument, however, fails. In determining whether ERISA is implicated in a dispute, the reviewing court must look to the "complaint[], the statute on which the[] claims are based . . . , and the various plan documents." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 211 (2004). The Plaintiff's amended complaint makes clear that the Plaintiff brings "suit only as to non-ERISA governed plans . . . which are licensed and governed under Florida Statues Chapters 627 and 641." (ECF No. 6, at ¶5.) As made clear in Plaintiff's amended complaint and the motion to remand, Plaintiff does not seek recovery of payments under ERISA governed plans and seeks relief only pursuant to Florida law. Accordingly, Plaintiff's claims do not implicate ERISA.

In guiding it discretion on exercising supplemental jurisdiction, the Court looks to the *Gibbs* factors of judicial economy, convenience, fairness, and comity all of which weigh strongly against this Court exercising supplemental jurisdiction over the state law claims. It is well settled that state courts should be the final arbiters of state law. *Hardy v. Birmingham Bd. Of Educ.*, 954 F.2d 1546, 1553 (11th Cir. 1992) ("State courts, not federal courts, are the final expositors of state law."); *see also Lee v. Miami-Dade Cty.*, No. CV 18-21852-CIV, 2018 WL 6436028, at *7 (S.D. Fla. Dec. 7, 2018) (Scola, J.) (noting state law claims "are best evaluated by a Florida state court."). Indeed, in *Gibbs*, the Supreme Court noted that "needless decisions" by federal courts over state law "should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Gibbs*, 383 U.S. at 726 (1966). As such, the Court finds that comity and fairness weigh against the exercise of supplemental jurisdiction. Moreover, where, as here, federal claims "have dropped out of the lawsuit in its early stages and only state-law claims remain" district courts are strongly encouraged to "decline the exercise of jurisdiction." *Cohill*, 484 U.S. at 350. As this litigation is still in early

stages and the parties have not engaged in substantial pretrial discovery, the factor of judicial economy also weighs strongly in favor of this Court declining to exercise supplemental jurisdiction. In consideration of the above, this Court declines to exercise its supplemental jurisdiction and finds remand to the state court to be proper under 28 U.S.C. § 1367(c).

### 4. Conclusion

The Court therefore **grants** the Plaintiff's motion to remand. (**ECF No. 9.**) The Court directs the Clerk to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County. The Court **denies all pending motions as moot**, as not properly before this Court.

**Done and ordered** in Miami, Florida on September 2, 2020.

_____
Robert N. Scola, Jr.
United States District Judge